**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FRANK JAMES WELCH,                    :

    Petitioner,                    :

                         CIVIL ACTION NO. 20-0548-KD-MU

                         :

vs.                    CRIMINAL NO. 95-0142-KD

                         :

UNITED STATES OF AMERICA,

                         :

    Respondent.


## REPORT AND RECOMMENDATION

    This cause is before the undersigned on Petitioner Frank James Welch's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 101). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the instant motion be dismissed with prejudice due to Welch's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## FACTUAL AND PROCEDURAL BACKGROUND

    On July 21, 1995, an indictment was returned against Frank James Welch, charging him with one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, one count of carjacking in violation of 18 U.S.C. § 2119, one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* Doc. 1).[1]

On October 27, 1995, Welch entered counseled guilty pleas to all four counts of the indictment in this case in which he was named, as well as the two counts of the indictment in Criminal No. 95-00144-WS-C, without a plea agreement. (*See* Doc. 100, PageID. 71-98). During the course of the guilty plea proceeding, the Government's proffer of evidence supporting the plea included evidence regarding Welch's four prior felony convictions. (*See id.,* PageID. 90 ("[I]n case number 95-142 the government is prepared to prove that on August 17th, 1987 in the Circuit Court of Mobile County case number 87-001926 the Defendant had been convicted of assault[] in the first degree. And that on August 17th, 1987 Circuit Court of Mobile County case number 87-001927 he had been convicted of robbery in the first degree. And May 25th, 1989 in the Circuit Court of Mobile County case number 86-000611.01 receiving stolen property in the second degree. On January 12th 1990 in the Circuit Court of Mobile, case number 89-002415.00 he was convicted of assault in the first degree. And that those are all felony crimes punishable by imprisonment for a term exceeding one year.")).[2] On January 17, 1996, Welch was sentenced on all six counts in his two federal criminal cases (*see id.,*

---

[1] That same date, Welch was indicted in a separate case on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possessing a stolen firearm in violation of 18 U.S.C. § 922(i). *See United States of America v. Welch,* 95-00144-WS-C, Doc. 1.

[2] *See In re Welch,* 884 F.3d 1319, 1322 (11th Cir. Mar. 15, 2018) (noting that Welch's "guidelines range reflected a fifteen-year ACCA enhancement for the § 922(g) convictions, which was based on three prior Alabama violent felony convictions. The first prior conviction was for first degree robbery; Welch, armed with a gun, robbed another man of a pistol and watch. The other two were for first degree assault. For both of those convictions, Welch seriously injured another person with a gun. All three of those prior convictions occurred on separate occasions.").

PageID. 44-69), including receiving "life on the ACCA enhanced felon-in-possession count[.]"[3] *In re Welch, supra,* 884 F.3d at 1323.[4] The Court entered its written judgment that same day, January 17, 1996 (Doc. 35) and Welch filed his notice of appeal (*see* Doc. 33). "Welch appealed his sentence, contending that the district court's upward departure to life was improper and that his sentence was unreasonable." *In re Welch, supra,* 884 F.3d at 1323. The Eleventh Circuit Court of Appeals affirmed Welch's sentence by unpublished decision issued on March 27,1997. *See United States v. Welch,* 111 F.3d 897 (11th Cir. 1997) (table).

Welch filed his first motion to vacate in this Court in August of 1996 (Doc. 45), while his direct appeal was pending, *see Welch, supra,* 111 F.3d 897 (reflecting issuance of decision on March 27, 1997). This motion to vacate was denied by Order entered on April 21, 1997 (Doc. 55), some four days before the judgment of the Eleventh Circuit on direct appeal issued as mandate on April 25, 1997 (*see* Doc. 56). Welch filed his second motion to vacate in this Court in February of 1999 (Doc. 67); it was denied by Order entered on March 18, 1999 (Doc. 72). After Welch filed his notice of appeal (Doc. 74), this Court denied Welch's "motion for a certificate of appealability

---

[3]    As to Count One in Criminal No. 95-142, Welch was sentenced to 60 months and as to Count Two he received a sentence of 300 months. (Doc. 100, PageID. 65). The sentences for Counts One, Two and Four were ordered "to run concurrent with each other." (*Id.,* PageID. 65-66).

[4]    As well, Welch received a consecutive 5-year sentence with respect to Count 3. (*See* Doc. 100, PageID. 66 ("Count three is to be [a] consecutive sentence of sixty months custody in the Bureau of Prisons.")). As to the counts in Criminal No. 95-144, Welch received a 293-month sentence on Count One "to run concurrent to the sentence imposes in . . . 95-142" and a custody sentence of 120 months as to Count Two "to run concurrent with the sentence in Count [O]ne." (*Id.,* PageID. 67). "Both of those sentences ran concurrently to each other and to the sentences in the first case [95-142]." *In re Welch,* 884 F.3d at 1223.

3

on the ground that he had failed to make a substantial showing of the denial of a constitutional right." *In re Welch, supra,* 884 F.3d at 1323 (footnote omitted). Welch's appeal was dismissed by the Eleventh Circuit in October of 1999. (*See* Doc. 78).

After the Eleventh Circuit's dismissal (Doc. 78), this Court heard nothing from Welch until roughly 12 years later in August of 2011, when he asked first for a copy of the docket sheet (*see* Doc. 97) and then a copy of Document 45 (*see* Doc. 98). Another approximately six years elapsed before he requested a copy of a § 2255 motion to vacate on July 24, 2017 (Doc. 99). Welch, however, did not return the motion to vacate to this Court (*see* Docket Sheet); instead, he followed the correct procedure by submitting an application with the Eleventh Circuit Court of Appeals "for leave to file a second or successive § 2255 motion in December 2017, though it was not filed . . . until February 15, 2018." *In re Welch,* 884 F.3d at 1323 (footnote omitted). In that application, Welch sought "relief based on the <u>Johnson</u> rule[5] from his ACCA enhanced life sentence on his felon-in-possession conviction in the carjacking case." *Id.* (footnote added); *see also id.* ("[Welch] states that 'two of [his] prior convictions were for assault under Alabama law which fit the exact concerns raised by the [Supreme Court] in <u>Johnson</u>.' He also asserts in passing that his prior Alabama conviction for first degree robbery is not a qualifying offense under the ACCA."). The Eleventh Circuit denied Welch's application for leave to file a second or successive § 2255 motion, *id.* at 1326,

---

[5]     *See Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (June 26, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague); *compare id. with Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review).

finding that "Welch has three prior qualifying convictions that survive <u>Johnson</u>'s invalidation of the residual clause, which means that his application does not make the prima facie showing that he is entitled to relief under <u>Johnson</u>." *Id.* at 1325 (footnote and citation omitted); *compare id. with id.* at 1323-24 ("To succeed on his application, Welch must 'demonstrate a reasonable likelihood' that he will benefit from <u>Johnson</u>, which requires him to show that he was 'sentenced, at least in part, under the residual clause.' . . . But if his three prior convictions qualify under the elements clause without regard to the residual clause, he cannot make the required prima facie showing.").

Welch's case laid dormant for another two plus years after the Eleventh Circuit denied his application for leave to file a second or successive § 2255 motion in this Court based on *Johnson, supra,* until he filed his present § 2255 motion to vacate in this Court in November of 2020 (*see* Doc. 101). In this motion to vacate, Welch principally contends that based on the Supreme Court's decision in *Rehaif v. United States,* U.S. ___, 139 S.Ct. 2191, 2200, 04 L.Ed.2d 594 (June 21, 2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."), he is actually innocent of the felon in possession count to which he pled guilty and received the enhanced life without parole sentence. (*See* Doc. 101-1, PageID. 101-06). The undersigned recommends that this Court summarily dismiss Welch's present § 2255 collateral attack as a second or

successive petition for which he has not sought, nor received, authority from the Eleventh Circuit Court of Appeals to file.[6]

## DISCUSSION

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is plainly appropriate for a district court to summarily dismiss a successive § 2255 motion prior to any answer or other pleading by the United States. *See Nunn v. United States*, 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013) ("Petitioner has yet to obtain the pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. The motion now before this court is Petitioner's fifth § 2255 motion attacking the same convictions and sentence. Because Petitioner has not obtained permission from the appellate court to file a successive § 2255 motion, this court lacks the jurisdiction to consider the merits of his present § 2255 motion and the motion should be ***summarily dismissed***." (emphasis supplied)), *report and*

---

[6]     Welch seems to have purposely chosen not to file an appropriate application in the Eleventh Circuit Court of Appeals seeking leave to file a second or successive § 2255 motion in this Court on his *Rehaif* claims given that his prospects before the appellate court based on *Rehaif,* are as dismal, *see, e.g., In re Price,* 964 F.3d 1045, 1049 (11th Cir. Jul. 7, 2020) ("[After the Supreme Court's decision in *Rehaif*], [w]e [] denied a petitioner's second or successive application challenging his § 922(g) conviction under Rehaif. In doing so, we explained that his claim failed to meet the statutory criteria in § 2244(b)(C)(3) because Rehaif did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court. In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). For those same reasons, Price's Rehaif claim fails to meet the statutory criteria for a second or successive application."), as his prospects based on *Johnson* proved to be*, see In re Welch, supra.*

*recommendation adopted,* 2013 WL 1099733 (M.D. Ala. Mar. 15, 2013); *United States v. Minefield*, 2011 WL 4374201, *2 (M.D. Ala. Aug. 17, 2011) ("The pleadings and documents in the instant case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. Accordingly, this court lacks the jurisdiction to consider the merits of Minefield's present motion, and the motion is due to be ***summarily dismissed***." (emphasis supplied)), *report and recommendation adopted*, 2011 WL 4374009 (M.D. Ala. Sept. 20, 2011).

Welch's motion to vacate is due to be summarily dismissed with prejudice due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A) and 2255(h). A "petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Anderson v. United States,* 799 Fed.Appx. 799 (11th Cir. Mar. 27, 2020) ("A federal prisoner who has previously filed a § 2255 motion in federal court must obtain authorization from this Court before filing a 'second or successive' collateral attack on the same conviction. . . . Without authorization, the district court lacks jurisdiction to consider a successive § 2255 motion and must dismiss the claims presented."); *Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district

court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. *denied,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 483 (2009); *Minefield, supra,* at *2 ("A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.") .

The instant motion to vacate, filed November 2, 2020 (*see* Doc. 101-1, PageID. 106), is indisputably a second/successive petition,[7] yet there is nothing to indicate that Petitioner filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this motion. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with

---

[7]    This Court disposed of Welch's first two motions to vacate by written order (*compare* Doc. 55 *with* Doc. 72). And while the undersigned is now unable to review the contents of those Orders (*see* Docket Sheet), Welch's conduct in filing an application with the Eleventh Circuit Court of Appeals seeking its authorization to allow this Court to consider his *Johnson* claim (in late 2017/early 2018), *see In re Welch, supra,* certainly establishes that the instant motion to vacate is successive. Moreover, it is likely that Welch's second motion to vacate was denied as time-barred, given that it was filed in February of 1999 (and denied on March 18, 1999), because Welch's one-year limitations period expired on June 25, 1998. And, of course, a decision based on the statute of limitations constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed pro se an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

the appropriate court of appeals for an order authorizing the district court to consider it."). Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third motion to vacate, nor been granted leave of that court to file another motion to vacate, this Court lacks jurisdiction to consider Welch's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be summarily dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").[8]

---

[8]     The undersigned recommends that this Court dismiss with prejudice Welch's present motion to vacate due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that (Continued)

there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court.'"), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because, as discussed more fully hereinafter, his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

The one-year limitations period set forth in 28 U.S.C. § 2255 begins to run from the latest of four possible events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Welch's conviction became final ninety (90) days after the Eleventh Circuit entered its judgment on direct appeal, the 90 days representing the window within which Welch was to have filed a petition for certiorari with the United States Supreme Court. *Compare Wert v. United States,* 596 Fed.Appx. 914, 916 (11th Cir. Jan. 15, 2015) ("As to § 2255(f)(1), a conviction ordinarily becomes final after a direct appeal when the Supreme Court denies *certiorari* or when the 90-day period for filing a petition for *certiorari* expires."), *cert. denied,* 575 U.S. 991, 135 S.Ct. 1912, 191 L.Ed.2d 777 (2015) *with Close v. United States,* 336 F.3d 1283, 1285 (11th Cir. 2003) (finding that where it entered judgment on the appeal on August 1, 1997, the appellant had until 90 days later, or October 30, 1997, to file a petition for *certiorari*, and because no petition for *certiorari* was filed, the one-year limitations period began to run on October 30, 1997 and the appellants had until October 30, 1998 to file their § 2255 motions to vacate); *see also Hilel v. United States,* 444 Fed.Appx. 419, 420 (11th Cir. Oct. 25, 2011) ("In this case (as in all court of appeals affirmances of convictions), the petitioner had 90 days following our affirmance of his conspiracy conviction to petition the Supreme Court for a writ of certiorari to review our decision. He did not petition the Court for the writ, so his conviction became final after this 90-day[] period expired."). In this case, the Eleventh Circuit entered judgment on Welch's direct appeal on March 27, 1997, *see United States v. Welch,* 111 F.3d (Continued)

897 (11th Cir. 1997) (table), and he had 90 days thereafter, or until June 25, 1997, to petition for *certiorari.* And since Welch did not petition the United States Supreme Court for *certiorari* review, he had one year from that date, until June 25, 1998, to file a § 2255 motion. Welch did not file the instant motion until November 2, 2020, which is obviously more than one year after his conviction became final, thus violating the one-year limitation period found in § 2255(f)(1).

In truth, Welch does not argue that his present motion to vacate is timely under any of the four subsections to § 2255(f). (*See* Docs. 101, 101-1 & 101-2). And while this failure allows the undersigned to find in short order that § 2255(f)(2) does not apply to his case, the undersigned does not short-shrift the remaining two subsections given Welch's reliance on the Supreme Court's decision in *Rehaif, supra.* However, Welch's motion is not "timely under § 2255(f)(3) because *Rehaif* does not constitute a new right made retroactively applicable [to cases on collateral review." *Young v. United States,* 2020 WL 4334037, *1 (11th Cir. Apr. 29, 2020), citing *In re Palacios, supra,* 931 F.3d at 1315. Moreover, even if *Rehaif* constitutes a new right made retroactive to cases on collateral review, Welch's motion is still untimely inasmuch as it was filed (on November 2, 2020) more than one year after the Supreme Court's June 21, 2019 decision in *Rehaif. Cf. Blackman v. United States,* 805 Fed.App. 993, 994 & 995 (11th Cir. Mar. 18, 2020) ("There is a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run  following, as relevant here, the date the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). . . . [B]ecause Blackman raised his *Davis* claim within one year of the *Davis* decision, we conclude that his § 2255 motion was timely filed."). And, finally, Welch's motion is untimely under § 2255(f)(4) "because the discovery of a new legal theory does not constitute a discoverable 'fact.'" *Young, supra,* at *1*, citing *Barreto-Barreto v. United States,* 551 F.3d 95, 99 (11th Cir. 2008).

It is certainly implicit in Welch's attachments to his § 2255 motion that he recognizes that his collateral petition is time-barred (he makes no equitable tolling argument), given his principal argument that he is actually innocent of the charge in Count Four of the indictment of being a felon in possession of a firearm based on the decision in *Rehaif* (*see* Doc. 101-1, PageID. 103 & 104 ("THE [SUPREME] COURT HELD THAT IN ORDER TO CONVICT A DEFENDANT UNDER §922(G) THE GOVERNMENT MUST PROVE  'THAT THE DEFENDANT KNOW HE POSSESSED A FIREARM <u>AND</u> ALSO THAT HE KNOW THAT HE HAD THE RELEVANT STATUS WHEN HE POSSESSED IT' []. APPLYING <u>REHAIF</u> CLARIFICATION OF THE <u>MENS REA</u> ELEMENT OF §922(G) TO (<u>FRANK JAMES WELCH</u>) CASE ESTABLISHES A FINDING OF CONDUCT WHICH DOES NOT VIOLATE THAT STATUTE, AND THAT (<u>FRANK JAMES WELCH</u>) IS 'ACTUALLY INNOCENT' OF THE OFFENSE CHARGED. THE 'KNOWINGLY/RELEVANT STATUS' ASPECT IS PRECISELY THE TYPE OF CONDUCT WHICH 'REHAIF' ANNOUNCED DOES NOT—AND NEVER DID—CONSTITUTE A VIOLATION OF 18 U.S.C. §922(G)(1). . . . NEITHER (<u>FRANK JAMES WELCH</u>) STIPULATION TO A PRIOR FELONY, OR IN A JURY'S VERDICT, COULD ESTABLISH HIS AWARENESS THAT HE WAS PROHIBITED FROM POSSESSING A FIREARM AS REQUIRED UNDER '<u>REHAIF</u>', (AS IN MOVANT'S CASE, AN ESSENTIAL ELEMENT OF THE OFFENSE WAS OMITTED)[.] SIMPLY HAVING BEEN CONVICTED OF A FELONY IN THE PAST, DOES NOT ESTABLISH THE ESSENTIAL 'KNOWLEDGE OF PROHIBITION OF POSSESSION' ELEMENT OF THE OFFENSE. . . . THE CONDUCT (<u>FRANK JAMES WELCH</u>) WAS (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional

---

CONVICTED OF COMMITTING WAS PLACED OUTSIDE THE SCOPE OF CRIMINAL LIABILITY UNDER 18 U.S.C. § 922(G)(1) BY 'REHAIF'. THEREFORE, (FRANK JAMES WELCH) IS ACTUALLY INNOCENT OF THE OFFENSE HE WAS CHARGED WITH UNDER HIS COUNT FOR § 922(G)(1)."). In *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court specifically held that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 386, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, of course, Welch's actual innocence arguments need fail because he has offered no new evidence establishing his actual (factual) innocence of being a felon in possession of a firearm. Instead, Petitioner makes the argument that there was no showing made that he knew he belonged to the relevant category of persons (that is, a felon) barred from possessing a firearm; however, this is not true because Welch offered nothing in contradiction to the Government's proffer regarding four felony convictions during the guilty plea proceeding on October 27, 1995, and the presentence investigation report ("PSR") reflected Welch's extensive criminal history dating back to 1985, including three prior Alabama violent felony convictions which the Government mentioned in its proffer, one of which he was on parole supervision for at the time he committed the offenses delineated in the indictment. *See In re Welch, supra,* 884 F.3d at 1321 & 1322. Indeed, the record in this case simply does not reflect that Welch ever objected to or otherwise expressed any surprise over his status as a felon. Thus, his bare *Rehaif* claim, made in the face of an established criminal history showing he belongs to the group prohibited from possessing firearms, does not support any actual innocence claim. *See In re Wright,* 942 F.3d 1063, 1065 (11th Cir. 2019). Thus, it is clear that Welch cannot take advantage of the actual innocence gateway recognized in *McQuiggin.*

12

right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given that the instant motion to vacate is unquestionably a second/successive petition, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Welch's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v.*

*United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (Doc. 101) be summarily dismissed with prejudice due to Welch's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of December, 2020.

  s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**