IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK JAMES WELCH,** | ) | |
| Petitioner, | ) | Civil Action No. 20-0548-KD-MU |
| vs. | ) | Criminal Action No. 95-0142-KD |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

ORDER

This action is before the Court on the letter from Petitioner Frank James Welch which the Court construes as a motion for relief from judgment (doc. 111).[1] Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

Welch filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 101). The Magistrate Judge entered a Report and Recommendation for dismissal of the motion because Welch had not obtained authorization from the Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion (doc. 104). Welch did not file any objections. The Report and Recommendation were adopted, the motion was dismissed, and judgment entered (docs. 108, 109). Welch has now filed a motion for reconsideration (doc. 111).

In a civil action, a party may seek the Court's review or reconsideration of an order or judgment pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The Order and Judgment for which Welch seeks review or reconsideration were entered January 4, 2021 (doc. 108, 109). Therefore, the 28-day deadline for a Rule 59(e) motion has passed. Thus,

---

[1] Pro se pleadings must be read liberally to determine "whether jurisdiction to consider [them] can be founded on a legally justifiable base." Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991).

Welch may seek relief based upon the reasons set out in Rule 60(b). [2] His motion appears to fall under subparagraph (6): "any other reason that justifies relief." In that regard, a § 2255 movant may use a Rule 60(b)(6) motion to challenge "some defect in the integrity of the federal habeas proceedings," but not to add new grounds for relief or challenge the previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "Rule 60(b) cannot be used to circumvent restraints on filing second or successive § 2255 motions.". Pickett v. United States, - - - Fed. Appx. - - -, 2021 WL 3521062 (11th Cir. 2021)

Welch appears to attack the integrity of his federal habeas proceedings. As reasons to justify relief, he argues that he "did not file objections to the report and recommendation, as to [his] understanding of the proceedings, [he] was not required to do", and, due to Covid-19, he did not have access to a law library "to decipher the exact way to proceed." (doc. 111, p. 2). However, the procedure for filing an objection was clearly set out in the Report and Recommendation in the section captioned "Notice of Right to File Objections" (doc. 104, p. 14-15). Thus, the Court finds no grounds for relief from the Order and Judgment dismissing his § 2255 motion.

Moreover, and importantly, even if the Court were to grant relief, the outcome would not change. Welch's § 2255 motion would still be subject to dismissal because he did not obtain permission from the Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion. As explained in the Report and Recommendation, before this Court may address a third or successive § 2255 motion, Welch must obtain an order from the Court of Appeals for the Eleventh Circuit authorizing this Court to consider his motion. See 28 U.S.C. § 2255(h) and 2244(b)(3); Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333 (1996); United States v. Holt, 417

---

[2] The Rule also provides for relief based upon "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on the earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b).

2

F.3d 1172, 1175 (11th Cir.2005); <u>Carter v. United States</u>, 405 Fed. Appx. 409 (11th Cir. 2010); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion).

 DONE this the 31st day of August 2021.

          <u>s/ Kristi K. DuBose</u>
          KRISTI K. DuBOSE
          CHIEF UNITED STATES DISTRICT JUDGE