IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 95-00142-KD-MU |
| | ) |
| FRANK JAMES WELCH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Frank James Welch's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 113). Upon consideration, and for the reasons set forth herein, the motion is DENIED as to Welch's claim regarding his 18 U.S.C. § 924(c) sentence and his claim that he was charged twice for the same conduct and DISMISSED for lack of jurisdiction as to his Fifth Amendment due process claim based upon defense counsel's failure to obtain a psychological evaluation prior to sentencing.

I. Background[1]

On July 21, 1995, an indictment was returned against Welch, charging him with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), carjacking in violation of 18 U.S.C. § 2119 (Count Two), using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Four) (doc. 1). That same day, Welch was indicted for the offenses of felon in possession of a firearm (Count 1) and possession of a stolen firearm (Count 2) in United States v. Welch, Criminal Action No. 95-00144-WS-C (S.D. Ala. 1995).

---

[1] For a more detailed background, see the Report and Recommendation entered December 8, 2020 (doc. 104, p. 2-6).

In October 1995, Welch plead guilty to all four counts in this action as well as to the two counts in Criminal Action No. 95-00144-WS-C. Welch did not execute a written plea agreement. In January 1996, he was sentenced on all six counts. Specifically,

Criminal Action No. 95-00142-KD-MU (doc. 35)

> Count One    60 months, concurrent with the sentence imposed as to Counts Two and Four, and concurrent with sentences in Criminal Action No. 95-00144
>
> Count Two    300 months, concurrent with the sentenced imposed as to Counts One and Four, and concurrent with sentences in Criminal Action No. 95-00144
>
> Count Three   60 months, consecutive to the sentence imposed as to Counts One, Two, and Four, and concurrent with sentences in Criminal Action No. 95-00144
>
> Count Four    Life without parole, concurrent with concurrent with Counts One and Two, and concurrent with sentences in Criminal Action No. 95-00144

Criminal Action No. 95-00144-WS-C (doc. 20)

> Count One    293 months
>
> Count Two    120 months, concurrent with the sentence imposed as to Count One, and concurrent with sentences in Criminal Action No. 95-00142

Welch had four prior felony convictions. Pursuant to the Armed Career Criminal Act, he was sentenced to life as to Count Four. His sentences were affirmed on appeal in April 1997.

Welch filed his first motion to vacate in August 1996, while the action was on appeal. The motion was denied four days before the mandate issued in April 1997. His second motion to vacate was filed in February 1999. The motion was denied in March 1999. Welch filed a notice of appeal which was dismissed by the Eleventh Circuit in October 1999.

Years later, Welch filed an application to file a second or successive § 2255 motion in February 2018. He sought relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 192 L.Ed.2d 569 (June 26, 2015).[2] The Eleventh Circuit denied his application upon finding that Welch "had three prior qualifying convictions that survive[d] Johnson's invalidation of the residual clause, which means that his application does not make the prima facie showing that he is entitled to relief under Johnson." In re Welch, 884 F.3d 1319, 1325 (11th Cir. 2018).

In November 2020, Welch filed another § 2255 motion based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191, 2200, 04 L.Ed.2d 594 (2019).[3] Welch argued that he was actually innocent of the felon in possession count to which he pled guilty and received the enhanced life without parole sentence. The Magistrate Judge issued a report and recommendation for dismissal for lack of jurisdiction because Welch had not obtained an order from the Eleventh Circuit authorizing the district court to consider this second or successive § 2255 motion. Welch appealed before the Court adopted the report and recommendation dismissed the action for lack of jurisdiction. In March 2021, the Eleventh Circuit dismissed the appeal for lack of jurisdiction on grounds that it cannot hear appeals direct from a federal magistrate's decision. Welch did not file another notice of appeal.

In July 2021, Welch moved this Court to reconsider its decision to adopt the report and recommendation and dismiss his § 2255 motion. The Court construed the motion as brought

---

[2] In Johnson, the Supreme Court found that the ACCA's residual clause in 18 U.S.C. § 924(e) was unconstitutionally vague. See Welch v. United States, 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016) (finding Johnson to be retroactive to cases on collateral review).

[3] In Rehaif, the Supreme Court found that "in a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

3

pursuant to Fed. R. Civ. P. 60(b)(6). Welch appeared to attack the credibility of the habeas process. Ultimately, the motion was denied because the Court found no grounds for relief. The Court further explained that even if relief from judgment was granted, the outcome would not change. Specifically, Welch's § 2255 motion would still be subject to dismissal because he did not obtain authorization for the district court to consider a second or successive § 2255 motion.

II. Motion for reduction of sentence pursuant to Section 403 of the First Step Act

Relying upon Section 403 of the First Step Act, Welch now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 113, p. 1-3). Specifically, he moves the Court to vacate the 60-month consecutive sentence imposed for use of a firearm during a crime of violence. Welch perceives this sentence as a "stacked" sentence. He points out that Section 403 of the First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (2018) (codified at 18 U.S.C. § 924 note), "eliminated the government's ability to stack § 924(c) sentences" (Id., p. 2). He acknowledges that Section 403 was not made retroactive and argues that if sentenced after the First Step Act, he would receive a lesser sentence. Welch argues that this lack of retroactivity renders his sentence unfair and illegal (Id. p. 2). He asserts that the Court may grant him relief under 18 U.S.C. § 3582(c)(1)(A)(i) for this extraordinary and compelling reason and "fix" his "unfair and illegal sentence" (Id.).

The First Step Act amended 18 U.S.C. § 924(c)(1)(C) to strike "second or subsequent conviction under this subsection" and insert "violation of this subsection that occurs after a prior conviction under this subsection has become final." Pub. Law 115-391, 132 Stat. 5194, § 403. The phrase "second or subsequent conviction under this subsection" had been interpreted to allow enhanced sentences for the second and subsequent convictions for firearms offenses

4

charged in the same indictment, which would then be imposed to serve consecutively. Hence the terms "stacked" or "stacking".

However, Welch's firearms sentence as to Count Three was not "stacked", i.e., ordered to serve consecutive to a prior qualifying firearms conviction and sentence, as contemplated in the First Step Act's amendment to 18 U.S.C. § 924(c)(1)(C). His firearms sentence was imposed to serve consecutive to his sentences for conspiracy to commit carjacking, carjacking, felon in possession enhanced by the Armed Career Criminal Act, and his sentences in Criminal Action No. 95-00144-KD.[4]  Accordingly, his motion is denied.

III. Second or successive § 2255 petition

Welch argues that his constitutional rights under the Fifth and Sixth Amendments were violated because he did not receive a mental evaluation before he entered his plea of guilty. He asserts that he was in "a psychiatric institution when he was 17 years old" and that his history of "psychological difficulties" was referenced in his Presentence Investigation Report (doc. 113, p. 3). He argues that "this PSI report should have been acknowledge[d] by the U.S. District Court, U.S. District Attorney, and U.S. defense counsel of the mental health difficulties" (Id., p. 4). Welch also argues that without a "violation by the sentencing U.S. District Court, prosecutors, and ineffective defense counsel" he would "not receive a life sentence if he was afforded the opportunity to a complete and fair mental health evaluation along with accepting the responsibilities for his actions, conduct, and convictions" (Id., p. 4-5). He asserts that his defense counsel was ineffective because counsel "decided ineffectively to proceed the plea and

---

[4] "Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.*" 18 U.S.C. § 924(c)(1) (effective 1994 to October 1996) (emphasis added).

convict unconstitutionally without defendant being provided a fair and just evaluation to determine a valid [diagnosis]" (Id., p. 4).

Welch also raises another Fifth Amendment violation. He asserts that the "U.S. District Court charged [him] of the same conduct twice: (a) conspiracy to commit carjacking (b) carjacking (c) § 924(c) (d) § 922(g)(1)" and that "[t]hese offenses resulted" in his life sentence. He requests "that this life sentence be reduced to original guideline range of 292-365 months" (doc. 113, p. 5)

Although brought in a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the relief Welch seeks – vacating or reducing his sentence based upon a constitutional violation – should be considered[5] as a second or successive motion to vacate under 28 U.S.C. § 2255 ("(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

However, before this Court may address Welch's second or successive § 2255 motion (doc. 251), he must obtain an order from the Court of Appeals for the Eleventh Circuit authorizing this Court to consider his motion. 28 U.S.C. § 2255(h) and § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the

---

[5] "Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion). The Eleventh Circuit has explained that without authorization, the district courts lack jurisdiction to consider a second or successive motion. Baker v. United States, 791 Fed. Appx. 884 (11th Cir. Jan. 28, 2020) (quoting United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)). Since Welch has not obtained authorization from the Eleventh Circuit, his motion is dismissed for lack of jurisdiction.

IV. Conclusion

For the reasons set forth herein, the motion is DENIED as to Welch's claim regarding his 18 U.S.C. § 924(c) sentence and DISMISSED for lack of jurisdiction as to his Fifth Amendment due process claim based upon defense counsel's failure to obtain a psychological evaluation prior to sentencing.

**DONE** and **ORDERED** this 12th day of October 2022.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**