IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK JAMES WELCH, ) | |
| ) | |
| Petitioner, ) | CIV. A. NO. 20-0548-KD-MU |
| ) | |
| vs. ) | |
| ) | CRIM. NO. 95-cr-142-KD-MU |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This cause is before the undersigned on Petitioner Frank James Welch's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 115). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the instant motion be dismissed with prejudice due to Welch's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

**I. Analysis**

**A. Background.**

On July 21, 1995, an indictment was returned against Frank James Welch, charging him with one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, one count of carjacking in violation of 18 U.S.C. § 2119, one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* Doc. 1). On October 27, 1995, Welch entered counseled guilty pleas to all four counts of the indictment in this case in which he was named, as well as the two counts of the

indictment in Criminal No. 95-00144-WS-C, without a plea agreement. (*See* Doc. 100). During the course of the guilty plea proceeding, the Government's proffer of evidence supporting the plea included evidence regarding Welch's four prior felony convictions. (*See Id.*). On January 17, 1996, Welch was sentenced on all six counts in his two federal criminal cases (*see id.*), including receiving life on the ACCA enhanced felon-in-possession count. Welch appealed his sentence, contending that the district court's upward departure to life was improper and that his sentence was unreasonable. The Eleventh Circuit Court of Appeals affirmed Welch's sentence by unpublished decision issued on March 27,1997. *See United States v. Welch*, 111 F.3d 897 (11th Cir. 1997) (table).

Welch filed his first motion to vacate in this Court in August of 1996 (Doc. 45), while his direct appeal was pending. This motion to vacate was denied by Order entered on April 21, 1997 (Doc. 55), four days before the judgment of the Eleventh Circuit on direct appeal issued as mandate on April 25, 1997 (*see* Doc. 56). Welch filed his second motion to vacate in this Court in February of 1999 (Doc. 67); it was denied by Order entered on March 18, 1999 (Doc. 72). Welch's appeal was dismissed by the Eleventh Circuit in October of 1999. (*See* Doc. 78). On July 24, 2017, Welch contacted the Court, requesting a copy of a § 2255 motion to vacate. (Doc. 99). Welch, however, did not return the motion to vacate to this Court (*see* Docket Sheet); instead, he followed the correct procedure by submitting an application with the Eleventh Circuit Court of Appeals for leave to file a second or successive § 2255 motion. On February 15, 2018, Welch sought relief based on the *Johnson* rule from his ACCA enhanced life sentence on his felon-in-possession conviction in the carjacking case. *See Johnson v.*

2

*United States*, 576 U.S. 591, (June 26, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague). The Eleventh Circuit denied Welch's application for leave to file a second or successive § 2255 motion, finding that "Welch has three prior qualifying convictions that survive *Johnson's* invalidation of the residual clause, which means that his application does not make the prima facie showing that he is entitled to relief under *Johnson*." *In re Welch,* 884 F.3d 1319, 1325-26 (11th Cir. 2018). Welch filed a fourth motion to vacate in November of 2020 based on the Supreme Court's decision in *Rehaif v. United States*, –- U.S. –-, 139 S. Ct. 2191, 2200, 204 L.Ed.2d 594 (June 21, 2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."), asserting he is actually innocent of the felon in possession count to which he pled guilty and received the enhanced life without parole sentence. (*See* Docs. 100; 101-1). The petition was dismissed as a successive petition, for which Welch had not sought, nor received, authority from the Eleventh Circuit Court of Appeals to file. (Docs. 108; 109).

      Petitioner has now, on June 28, 2023, filed another § 2255 motion to vacate. (Doc. 115). Welch requests relief pursuant to the Supreme Court's ruling in *United States v. Taylor*, -- U.S. --, 142 S. Ct. 2015 (2022), asserting that his conviction or sentence is unlawful, as his two prior state court first-degree assault convictions no longer constitute violent felonies under the ACCA enhancement.

**B. Successive Motion.**

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion ...." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion.").

"Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization" of the court of appeals."). As there is no indication in the record that the Eleventh Circuit Court of Appeals has granted Welch leave to bring his present, successive § 2255 motion, this Court lacks jurisdiction to consider its merits.[1] Accordingly, Welch's present § 2255 motion (Doc. 115) is due to be **DISMISSED without prejudice** for lack of jurisdiction.

---

[1] Notably, the Eleventh Circuit has held that *Rehaif* claims "fail[ ] to meet the statutory criteria for a second or successive application" because the decision "did not announce

**C. Certificate of Appealability**

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

**D. Appeal *In Forma Pauperis***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Welch's present § 2255 motion is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court

---

a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court." *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020). Without authorization from the Eleventh Circuit, Welch's invocation of *Rehaif* is not enough to confer jurisdiction on this Court to entertain his second or successive § 2255 motion.

certify that any appeal by Welch of the dismissal of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[2]

## II. Conclusion & Recommendation

In accordance with the foregoing analysis, it is **RECOMMENDED** that Welch's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated June 18, 2023 (Doc. 115) be **DISMISSED without prejudice** for lack of jurisdiction, and that the Court find Welch not entitled to proceed *in forma pauperis* on any appeal of that dismissal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a

---

[2]  Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Done this **27th** day of **July, 2023**.

                                          s/P. Bradley Murray
                                          UNITED STATES MAGISTRATE JUDGE