IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 95-00142-KD-MU |
| | ) |
| FRANK JAMES WELCH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Frank James Welch's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 120), the United States' response (doc. 126), letter in support from Shametra Williams (doc. 127), and Welch's reply (doc. 128). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background[1]

On January 17, 1995, Bobby Earl Austin, after dropping his mother off at the Saraland Public Library, took his car to a carwash in Prichard, Alabama. Kendall Sergeant, Austin's 2 year old son, accompanied his father on this outing. Austin had approximately $1,000.00 cash in the glove compartment, some of which he used to pay for the carwash.

As Austin prepared to leave the carwash, an individual he knew as "Red" asked if he and the defendant could ride with Austin. Because he did not know the defendant, Austin agreed to give only Red a ride. Austin drove across the street to the One Stop Food Mart and exited the car to use the telephone. Red went into the store. At that time, Dwayne Hill, who gave the defendant a ride, parked his car behind Austin's and the defendant got out.

The defendant quickly approached Austin, placed a gun in his side, and said: "Get into the car or I'll shoot you." After Austin attempted to grab the weapon, a

---

[1] The factual background is adopted from the United States' response (doc. 126). Welch's procedural background is adopted from the Reports and Recommendations on his fourth and fifth motions to vacate pursuant to 28 U.S.C. § 2255 (doc. 104, 116).

> struggle ensued. The defendant yelled: "I'll kill you man!" and fired a shot that missed Austin. Shortly thereafter, the defendant fired a second shot that struck Austin in the thigh and exited his buttocks. Austin then hit the defendant in the head, broke free from the defendant, and attempted to get his child from the car. The defendant then entered the driver's side of Austin's car and drove away as Austin yelled: "Don't take my baby!" Hill followed the defendant.
>
> Austin's car was recovered a short time later, but the cash was gone. Austin's son was found wandering a nearby street. The wounds inflicted upon Austin by the defendant ultimately led to Austin's castration.
>
> Following this carjacking, the defendant went on a crime spree that ultimately led to his capture on July 14, 1995, by the Mobile Violent Crimes Joint Task Force. Investigator Joe Goff of the Mobile County District Attorney's Office inadvertently confronted the defendant that day during an investigation of a misdemeanor check case. When Investigator Goff asked the defendant for identification, the defendant instead produced a semi-automatic handgun and opened fire, squeezing off at least seven rounds. Investigator Goff returned fire; neither individual was hit. The defendant fled on foot but was arrested later that day. Two stolen firearms were found in the defendant's possessions during a search following the defendant's arrest.

United States v. Welch, 1996 WL 33471747, at *4–6 (Appellee's brief) (Oct. 9, 1996) (citing the Presentence Investigation Report in Criminal Action No. 95-142).

On July 21, 1995, an indictment was returned against Frank James Welch, charging him with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), carjacking in violation of 18 U.S.C. § 2119 (Count Two), using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Four) (See Doc. 1). That same date, Welch was indicted in a separate case of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One) and possessing a stolen firearm in violation of 18 U.S.C. § 922(i) (Count Two). See United States v. Welch, 95-00144-WS-C (S.D. Ala. 1995) (Doc. 1).

On October 27, 1995, Welch entered counseled guilty pleas, without a plea agreement, to all four counts of the indictment in this action, as well as the two counts of the indictment in Criminal No. 95-00144-WS-C. His prior felony conviction for first degree robbery, and his two prior felony convictions for first degree assault qualified him as an armed career criminal under the Armed Career Criminal Act[2] and resulted in enhanced penalties for his felon in possession conviction.[3] On January 17, 1996, Welch was sentenced on all six cfstartounts.[4]

Relevant here, the Court departed upward to the statutory and guidelines maximum and sentenced Welch to life on the ACCA enhanced felon in possession conviction (doc. 100, Sentencing Transcript).[5] The Court stated that "… I have been on the bench over seven years now and I frankly will have to say that this does appear to be a defendant with as violent criminal propensity as I think I have ever seen." (doc. 100, p. 5). The Court also stated as follows:

> … I am thinking about the fact that this defendant, notwithstanding that he has these [robbery] charges pending, but the presentence report itself has in it sufficient information evidencing Mr. Welch's use of firearms, both in these two

---

[2] Welch also had a prior felony conviction for receiving stolen property second degree.

[3] See In re Welch, 884 F.3d 1319, 1322 (11th Cir. Mar. 15, 2018) (noting that Welch's "guidelines range reflected a fifteen-year ACCA enhancement for the § 922(g) convictions, which was based on three prior Alabama violent felony convictions. The first prior conviction was for first degree robbery; Welch, armed with a gun, robbed another man of a pistol and watch. The other two were for first degree assault. For both of those convictions, Welch seriously injured another person with a gun. All three of those prior convictions occurred on separate occasions.").

[4] In Criminal Action No. 95-142, Welch was sentenced to 60 months as to Count One and 300 months as to Count Two. The sentences for Counts One, Two and Four (life - felon in possession) were ordered "to run concurrent with each other." (doc. 35). For Count Three, he was sentenced to five years, consecutive, to the other sentences and to the sentences in Criminal Action No. 95-144 (Id.). In Criminal Action No. 95-144, he was sentenced to 293 months as to Count One and 120 months as to Count Two, to serve concurrent with each other and with the sentences imposed in Criminal Action No. 95-142.

[5] Welch was sentenced before the decision in United States v. Booker, 543 U.S. 220 (2005). The sentencing guidelines were mandatory.

> offenses or the two carjacking, offenses involving Mr. Goff, and his prior record involving gun play and discharge of firearms, that he no longer has any claim or privilege to be released from the penitentiary for the rest of his life.
>
> He has demonstrated to a degree that I don't think I have ever seen before an absolute failure to appreciate or recognize or give any respect to human life, other than his own. And the guidelines have certainly not factored that in, in my judgment, …

(Doc. 100, p. 12).

As to Count Four, the Court preliminarily made an upward adjustment to the guidelines, pursuant to Application Note 2 to U.S.S.G. § 2K2.4,[6] to 292 to 365 months on grounds that eliminating the enhancement for the discharge of the firearm resulted in an under-representation of a proper sentence for Count Four (Id., p. 17-18). The Court then considered Welch's criminal history, the seriousness of his underlying criminal offenses, and use of firearms, and preliminarily made an upward adjustment of two levels to the offense level, pursuant to U.S.S.G. § 4A1.3, which established a guidelines range of 360 months to life (Id. p. 18). The Court then determined that a sentence at the high end of the guidelines range was appropriate (Id., p. 18-19).[7] After hearing the parties' positions, the Court imposed a sentence of life without parole as to Count Four (Id. p. 24-25).

---

[6] The Court explained that because of the conviction under 18 U.S.C. § 924(c), the enhancement for discharging a firearm under U.S.S.G. § 2B3.1(b) would not apply, but if the enhancement was allowed, the guidelines range would have been 292 to 365 months. The Court explained that Application Note 2, to § 2K2.4 suggested that "in certain circumstances" such as before the Court, "an upward departure is warranted so that the conviction under [18 U.S.C. § 924(c)] does not result in a decrease of the total punishment." (doc. 100, p. 3).

[7] The Court also set out the proposed sentences for the other counts of conviction in this action and in Criminal Action No. 95-144, to serve concurrently, but for the sentence pursuant to the § 924(c) conviction.

4

Welch appealed his sentence. He contended that the Court's decision to upward depart to life for the felon in possession conviction "was improper and that his sentence was unreasonable." In re Welch, 884 F.3d 1319, 1323. The Eleventh Circuit Court of Appeals affirmed Welch's sentence by unpublished decision issued on March 27,1997. See United States v. Welch, 111 F.3d 897 (11th Cir. 1997) (table).

Welch's first motion to vacate was filed while his direct appeal was pending. The motion was denied (doc. 55). Welch filed his second motion to vacate, and it was denied (doc. 72). His motion for certificate of appealability was denied (doc. 75). His appeal was dismissed (doc. 78).

In December 2017, Welch applied to the Eleventh Circuit for leave to file a second or successive § 2255 motion. Welch sought "relief based on the Johnson rule[8] from his ACCA enhanced life sentence on his felon-in-possession conviction in the carjacking case." In re Welch, 884 F. 3d at 1323 (footnote added). The Eleventh Circuit denied the application finding that "Welch has three prior qualifying convictions that survive Johnson's invalidation of the residual clause, which means that his application does not make the prima facie showing that he is entitled to relief under Johnson." Id. at 1325 (footnote and citation omitted).

In November 2020, Welch filed another motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 101). He sought relief based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). The motion was dismissed because Welch failed to obtain authority from the Eleventh Circuit to file a successive motion to vacate (doc. 104, Report and Recommendation; docs. 108-109, Order and Judgment). Welch's premature appeal from the Report and Recommendation was dismissed (doc. 110). His motion for reconsideration in this Court was denied (doc. 112).

5

In June 2023, Welch filed another motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 115). He sought relief based on the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015 (2022). He argued that his conviction and sentence for the felon in possession offense were unlawful because his two prior state court first-degree assault convictions no longer were violent felonies and therefore were no longer predicate offenses under the ACCA. He also argued that his conviction and sentence for the felon in possession offense was unconstitutional "in the wake of the U.S. Supreme Court's ruling in New York State Rifle & Pistol Ass'n. v Bruen, 142 S. Ct. 2111, 2122 (2022)". (Id., p. 3). The Magistrate Judge recommended dismissal because Welch failed to obtain authority from the Eleventh Circuit to file a successive motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 116). Welch objected to the Report and Recommendation (doc. 117). The Court adopted the Report and Recommendation, and the motion was dismissed (docs. 118-119).

At present, Welch is 58 years old. He is incarcerated at USP Coleman I, a high security penitentiary, in Coleman, Florida.

Welch has now filed his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), with exhibits and documents in support (docs. 120, 127, 128). The United States filed its response (doc. 126).

II. Statutory prerequisites in 18 U.S.C. § 3582(c)(1)(A)

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

---

[8] See Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague); Welch v. United States, 136 S. Ct. 1257

such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Welch provides a copy of his request to the Warden which was delivered October 16, 2023 (doc. 120-1). The Warden denied the request on December 1, 2023 (doc. 120-2). Welch signed and mailed his motion April 9, 2024, thus more than thirty days lapsed since he made his request to the Warden (doc. 120, p. 21, Certificate of Service). Welch has met this statutory prerequisite.

### III. Statement of the law

"A district court has no inherent authority to modify a defendant's sentence; it may do so 'only when authorized by a statute or rule.'" United States v. Ratliff, No. 24-10752, 2024 WL 4371658, at *3 (11th Cir. Oct. 2, 2024) (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015). In relevant part, 18 U.S.C. § 3582(c)(1)(A) "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." Id. (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4372658 at *3 (citing United States v. Giron, 15 F.4th at 1347–48 (11th Cir. 2021).

"Extraordinary and compelling reasons" are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. §

---

(2016) (finding Johnson was retroactive to cases on collateral review).

3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Also, 18 U.S.C. § § 3582(c)(1)(A) requires that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023).

Relevant here, the Policy Statement provides as follows:

b) Extraordinary and Compelling Reasons. Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
…
(5) Other Reasons. The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

IV. Analysis

Welch raises the following arguments as to why an extraordinary and compelling reason for a reduction of sentence exists.

A. Change in the law

1. United States v. Taylor, 596 U.S. 845 (2022).

Relying upon Policy Statement, U.S.S.G. § 1B1.13(b)(6), Welch argues that a change in the law has created an unwarranted discrepancy between the sentence he received in 1996 as an armed career offender and the sentence which would be imposed today (doc. 120, p. 5-11). Welch asserts that in United States v. Taylor, 596 U.S. 845 (2022), the Supreme Court applied the categorical approach and held that attempted Hobbs Act robbery is not a predicate conviction under the Armed Career Criminal Act because it does not satisfy the elements clause. 18 U.S.C. § 924(e)(2)A).

Welch argues that in "the wake" of Taylor, his "Alabama First Degree Robbery 'no longer' qualifies as a violent felony" because "Attempted Robbery under Alabama law constitutes First Degree Robbery" (doc. 120, p. 6-8). Citing decisions by the Alabama Court of Criminal Appeals and Alabama Supreme Court from the early 1980's, Welch argues that "actual theft or attempted theft are mere theories (means) to commit the single crime of Alabama First Degree Robbery" and argues that because Attempted Robbery does not qualify under "the force clause consistent with Taylor" his conviction for Robbery "'no longer' qualifies as a valid ACCA predicate offense" (doc. 120, p. 8; doc. 128, p. 5). Welch also argues that his two prior convictions for Alabama First Degree Assault no longer qualify as predicate convictions (doc. 120, p. 9). Relying upon cases decided in 1987 and 1990, he argues that under Alabama law assault could be committed by non-consensual touching, or by attempt or offer of force or violence, thus assault is not "categorically a 'violent felony'" after Taylor. (Id.). Citing precedent from the Sixth Circuit, he argues that this Court must consider the "least objectionable conduct that would violate Alabama First Degree Robbery and First-Degree Assault" and since the least objectionable conduct in these offenses is "attempted" robbery and assault, his

9

convictions are not violent felonies under the force clause in the ACCA (Id., p. 10; doc. 128, p. 5-6).

The United States argues that there has been no change in the law that applies to Welch's sentence or creates a gross disparity (doc. 126, p. 6).[9] The United States points out that the Court in Taylor "engaged in a straightforward application of the categorical approach as it applies to attempted crimes" (Id., p. 7). Therefore, the United States argues that the opinion in Taylor did not change the law for completed crimes such as Welch's 1987 and 1990 convictions. The United States also points out that the Eleventh Circuit has held that Welch's prior conviction for Alabama First Degree Robbery and his convictions for Alabama First Degree Assault (after application of a modified categorical approach) qualify under the elements clause of the ACCA. In re Welch, 884 F.3d 1319, 1324 (11th Cir. 2018).

The Court agrees with the United States. The Alabama court decisions do not change the fact that Welch was convicted of the completed offenses of First Degree Robbery and First Degree Assault. Welch simply was not convicted of an attempt offense. As the United States points out, the decision in Taylor did not change the analysis for completed crimes and the Eleventh Circuit previously found that his completed crimes qualified as predicate offenses.

Since Welch has not shown a change in the law that creates a disparity between the sentence previously imposed and the sentence which might be imposed if he were sentenced today, he has not shown an extraordinary and compelling reasons that would be consistent with the Policy Statement.

---

[9] The United States also takes the position Section 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its authority in implementing that section, but the Court need not address that issue because Welch has not identified a change in the law that could entitle him to a reduction of section under Section (b)(6).

2. Constitutionality of 18 U.S.C. § 922(g)(1).

Welch argues that there is an "unwarranted sentencing disparity" between the sentence he would receive today and the sentence he received for his felon in possession of a firearm conviction (doc. 120, p. 11). Welch argues that if he were sentenced today, his "conviction would be dismissed with prejudice as 'unconstitutional' in violation of his Second Amendment rights of the U.S. Constitution" (Id.).

The cases upon which Welch relies, Range v. Attorney General United States of America, 69 F. 4th 96 (3rd Cir. 2023, (judgment vacated and remanded by Garland v. Range, ___ U.S. ___, 144 S.Ct. 2706, 219 L.Ed.2d 1313 (2024); United States v. Prince, 2023 WL 7220127 (N.D. IL., Nov. 2, 2023); United States v. Harper, 2023 WL 5672311 (M.D. Pa., Sept. 1, 2023); and United States v. Bullock, 679 F. Supp. 3d. 501, 2023 (S.D. Ms. 2023), are not precedent in the Eleventh Circuit. In United States v. Dubois, 139 F. 4th 887, 894 (11th Cir 2025), on remand from the Supreme Court,[10] the Eleventh Circuit explained that its prior decision in United States v. Rozier, 598 F. 3d 768, 770-771 (11th Cir. 2010), that Section 922(g)(1) is constitutional under the Second Amendment, remained binding precedent in this circuit. The Eleventh Circuit found that "Rozier continues to bind us, so Dubois's challenge based on the Second Amendment fails." The Eleventh Circuit reached the same decision in United States v. Kirby, 2025 WL 2450513, at *1 (11th Cir. Aug. 26, 2025). Since the Eleventh Circuit continues to recognize the constitutionality of 18 U.S.C. § 922(g)(1), Welch has failed to establish a change in the law that would result in a disparity between the sentence imposed and the sentence which would be imposed if he were sentenced today.

3. The Attorney General's December 16, 2022 memorandum.

---

[10] The decision in Dubois was vacated and remanded for further consideration based on the Supreme Court's decision in United States v. Rahimi, 144 S. Ct. 1889 (2024).

11

Welch argues that the Attorney General's December 16, 2022 Memorandum is a change in the law. He argues that if he were sentenced today "in the wake of the DOJ's change in policy he would not be subject to a mandatory minimum sentence" and his sentence should be reduced to time served (doc. 120, p. 15-16; doc. 120-6).

The United States points out that the Attorney General's Memorandum addressed only certain policy changes regarding charging, pleas, and sentencings in drug cases but not policies for violent crime cases (doc 126, p. 9). The United States also argues that the Memorandum did not constitute a "change in the law" as required by U.S.S.C. § 1B1.13(b)(6) but instead was only a policy change within the Department of Justice.

Welch's argument is without merit.  As the United States asserts, the Attorney General's Memorandum is an internal policy statement for the DOJ which focuses on drug-related offenses.  The Subject line in the Memorandum reads "Additional Department Policies Regarding Charging, Pleas, and Sentencing in Drug Cases" (doc. 120-6); See United States v. Hickson, 2024 WL 2177631, at *5 (M.D. Ga. Mar. 6, 2024), report and recommendation adopted, 2024 WL 2155251 (M.D. Ga. May 14, 2024), appeal dismissed, No. 24-11975-D, 2024 WL 4192421 (11th Cir. July 29, 2024) (". . . the Attorney General's directive regarding charging policies does not constitute a 'change in the law' as set forth in U.S.S.G. § 1B1.13(b)(6).") (citing United States v. Sterling, 2023 WL 2804902, at *3 (W.D. La. Apr. 4, 2023) (same); United States v. McCullers, 704 F. Supp. 3d 659 (E.D. Va. Nov. 29, 2023) (same)).

Moreover, the Attorney General specifically noted that the

> policies contained in this memorandum, and internal office procedures adopted pursuant thereto, are intended solely for the guidance of attorneys for the government.  They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation

> with the United States. Justice Manual § 9-27.150 (updated Feb. 2018); see
> United States v. Caceres, 440 U.S. 741 (1979).

(Doc. 120-6, p. 6); Goffigan v. United States, 2023 WL 3550896, at *5 (E.D. Va. May 18, 2023) (Jackson, J.) (quoting DOJ Memorandum at 5 n. 4 and finding that the "memorandum does not reflect a change to current law" and does not provide an extraordinary or compelling reason for a sentence reduction.)

Since Welch has not shown that the Memorandum is a change in the law that creates a disparity between the sentence previously imposed and the sentence which might be imposed if he were sentenced today, he has not shown an extraordinary and compelling reasons that would be consistent with the Policy Statement.

B. <u>Harsh conditions of confinement during the Covid 19 pandemic</u>

Apparently relying upon Policy Statement, U.S.S.G. § 1B1.13(b)(5), Welch argues that the harsh and "extremely restrictive conditions" of confinement during the pandemic are an extraordinary and compelling reason for a reduction of sentence because these conditions have made his sentence more punitive (doc. 120, p. 11-14). Specifically, the pandemic resulted in

> Lockdowns for weeks and months at a time, he does not get a shower daily, the food is cold every day; he has been deprived of adequate medical treatment; he is given a mere cloth mask in which the CDC states only keep a person safe for 30 minutes; he is denied proper cleaning solutions to clean the Units and his cell, no bleach or no hand sanitizer in which has alcohol in it as at least 70% alcohol is needed to kill common germs (and Covid-19 virus); he only receive 1 roll due to the lockdowns he can't keep his mind active. Also, he merely receives recreation time once or twice a week and library time is the same. Impossible to receive visits from his family & loved ones.

(Doc. 120, p. 12). Welch cites to several district court decisions wherein the restrictive conditions caused by the Covid pandemic were a factor in the decision to reduce sentence (Id., p. 12-14) (collecting cases).

The United States argues that the conditions of which Welch complains were not extraordinary or compelling, but instead were conditions experienced by all federal inmates (doc. 126, p. 9-11) (collecting cases).  The United States points out that Welch has not identified any prison condition that affected him individually, but instead he identifies only general conditions that affected all the inmates. (Id.).

Pursuant to Policy Statement, U.S.S.G. § 1B1.13(b)(5), "Other Reasons" for a reduction of sentence exist when

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Here, Welch presents the "other circumstance" of the harsh conditions of confinement he experienced during the Covid 19 pandemic which ended in May 2023.  This "other circumstance" considered by itself or combined with rehabilitation, is not "similar in gravity to those described in paragraphs (1) through (4)" ((1) Medical circumstances, (2) age 65 plus other factors, (3) family circumstances, and (4) victim of physical or sexual abuse by specified persons).[11] See United States v. Gonzalez, No. 11-CR-20474, 2024 WL 2882847, at *6 (S.D. Fla. Feb. 28, 2024), report and recommendation adopted, No. 11-CR-20474, 2024 WL 2716496 (S.D. Fla. May 28, 2024) ("Defendant also asserts that he has experienced harsher conditions of confinement than the Court could have anticipated at the time of sentencing because of the Covid-19 pandemic. [D.E. 93]. He argues that experiencing the pandemic in prison qualifies as an 'other reason' for his alleged extraordinary and compelling reason under § 1B1.131(b)(5).

---

[11] Welch did not establish a "circumstance" as set out in paragraphs (1) through (4).  Thus, there is no "circumstance" to consider "together with" the harsh conditions of confinement during the Covid pandemic. U.S.S.G. § 1B1.13(b)(5).

14

While the pandemic did create difficult circumstances for everyone, this argument has not been recognized by courts as an extraordinary and compelling circumstance.") (collecting district court cases); United States v. Ware, 2025 WL 605050, *3 (S.D. Ga. 2025) ("Finally, Defendant proffers additional reasons for a sentence reduction, namely, the harsh prison conditions, his age, and his rehabilitative efforts during incarceration, to suggest he is entitled to a sentence reduction under the catch-all provision of § 1B1.13(b)(5).

However, none of these reasons, even in the aggregate, are "'similar in gravity' to the reasons articulated in § 1B1.13(b)(1)-(4). Defendant's complaints about the shortage of prison staff, lack of prison programming, lockdowns, and increased susceptibility to contracting COVID are just generalized challenges to his confinement; they do not present grave, individualized circumstances necessary to warrant compassionate release. That is, Defendant fails to show that he has borne any burden of imprisonment in a manner that differentiates him from other inmates.

This leaves Defendant's rehabilitation. But rehabilitation may be considered only in combination with other viable extraordinary and compelling circumstances. See U.S.S.G. § 1B1.13(d).") (footnote omitted); United States v. Estupinan, 2024 WL 4529255 (M.D. Fla. 2024) ("The Court is not persuaded by Estupinan's argument. None of his circumstances, separately or combined, establish an extraordinary and compelling reason for early release. His argument about past conditions in his prison during the height of the Covid-19 pandemic does not qualify as an extraordinary and compelling circumstance under U.S.S.G. 1B1.13(b)(1)(D) or the catchall provision. ... Thus, Estupinan has not established an extraordinary and compelling circumstance based on the prior conditions in his facility.") (quoting United States v. Zambrano, No. 8:18-cr-56-VMC-CPT, 2024 WL 3690854, at *2 (M.D. Fla. Aug. 7, 2024) (denying motion for

compassionate release and finding that Zambrano's "argument about past conditions in his prison during the height of the Covid-19 pandemic does not qualify as an extraordinary and compelling circumstance")).

Welch has failed to show that the harsh conditions of confinement during the Covid 19 pandemic, alone or in combination with his rehabilitation, constitute an extraordinary and compelling reason for a reduction of sentence. Therefore, a reduction based on this circumstance would not be consistent with the Policy Statement.

V. Conclusion

Because the Court has not found an extraordinary and compelling reason for a reduction of sentence, it need not address whether Welch's release would pose a danger to the safety of any other person or to the community, U.S.S.G. § 1B1.13(a)(2), and need not address whether the relevant factors in 18 U.S.C § 3552(a) weigh in favor of a reduction of sentence. Ratliff, 2024 WL 4372658 at *3 ("If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements.") (citing United States v. Giron, 15 F.4th at 1347–48)).

For the reasons set forth herein, Welch has failed to establish an extraordinary and compelling reason for a reduction of sentence. Accordingly, his motion is denied.

The Clerk is directed to mail a copy of this Order to Welch.

DONE and ORDERED this 30th day of September 2025.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE